IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Elizabeth Ann Reed,

    Plaintiff,

    v.                              Case No. 2:16-cv-78

Commissioner of
Social Security,

    Defendant.

## ORDER

Plaintiff Elizabeth Ann Reed brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits. In her August 18, 2014, decision, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of degenerative disc disease, lumber radiculopathy, cervical radiculopathy, depression, general anxiety disorder, and panic disorder without agoraphobia. PAGEID 60. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform light work, except

> she can frequently push and pull with the bilateral upper extremities and lower extremities; frequently climb ramps and stairs, stoop, kneel, crouch and crawl; never climb ladders, ropes or scaffolds; and frequently reach overhead with the bilateral upper extremities. She should avoid concentrated exposure to workplace hazards, including operation of hazardous machinery. She retains the ability to understand, remember and carry out simple, routine, repetitive tasks consistent with unskilled work in an environment without demand for fast pace with infrequent superficial interaction with the general public and appropriate interactions with supervisors and coworkers in a setting where change is infrequent and easily explained.

PAGEID 62-63. The ALJ concluded that plaintiff was capable of

performing jobs existing in significant numbers in the national economy, and that she is not disabled. PAGEID 72. This matter is before the court for consideration of plaintiff's March 7, 2017, objections to the February 21, 2017, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc.*

*Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

A. Physical RFC Not Supported

Plaintiff, a former health care worker, claims that she is physically disabled as a result of a back injury she sustained in 2008 while lifting a patient. In her objections, she contests the magistrate judge's finding that the ALJ did not err in giving greater weight to the opinions of the state agency physicians than to the opinions of examining physicians concerning plaintiff's physical limitations.

As a general matter, the opinions of a treating source, who has an ongoing treatment relationship with the claimant, and of an examining source, who examines the claimant but has no ongoing treatment relationship with the claimant, are entitled to more weight than the opinion of a non-examining source such as state agency consultants. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013). However, this is not a *per se* rule. *See Norris v. Comm'r of Soc. Sec.*. 461 F.App'x 433, 438-40 (6th Cir. 2012)(upholding ALJ's decision to credit state-agency physicians' assessments over those of treating physicians); *see also* Soc. Sec. Rul. 96-6p, 1996 WL 374180 at *3 (Soc. Sec. Admin. July 2, 1996)("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

The ALJ adequately explained why great weight was given to the opinions of the state agency consultants, Leon D. Hughes, M.D., and Olga V. Pylaeva, M.D., regarding plaintiff's physical capabilities.

PAGEID 67.  The ALJ noted that their opinions were "generally consistent with the medical evidence, which shows treatment for back and neck injuries after an accident at work with improvement of her injuries over time."  PAGEID 68.  The ALJ further observed that "these medical consultants are licensed physicians who are familiar with the evidentiary requirements for making disability determinations under the Social Security Act."  PAGEID 68. Finally, the ALJ correctly stated that "the record does not contain a medical opinion from a treating source that further limits the claimant's work-related activities."  PAGEID 68.

    The ALJ also gave sufficient explanation for the weight accorded to the opinions of the examining sources regarding plaintiff's physical limitations.  The ALJ stated that little weight was given to the opinion of Howard Pinsky, D.O., who conducted an independent medical examination for the Ohio Bureau of Workers' Compensation ("BWC") in October of 2011. PAGEID 68.  The ALJ noted Dr. Pinsky's opinion that plaintiff had not reached maximum medical improvement of a herniated lumbar disc (for purposes of her eligibility for workers' compensation coverage), and that the restrictions he identified were temporary.  PAGEID 68. The ALJ also gave little weight to the opinion of Babatundi Onamusi, M.D., who conducted an independent medical examination at the request of the BWC in June of 2012.  The ALJ concluded that Dr. Onamusi's opinion regarding plaintiff's functional limitations was not supported by the medical evidence, which showed improvement of plaintiff's impairments (citing to various exhibits in the record). PAGEID 68-69.  The ALJ accorded some weight to the opinion of Janet Brockwell, M.D., who performed a single consultative examination at the request of the Ohio Department of Job and Family Services in

4

January, 2013. The ALJ correctly noted that Dr. Brockwell's opinion that plaintiff was unemployable concerned an issue reserved for the Commissioner. *See* 20 C.F.R. §404.1527(d); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007)(conclusion of disability is reserved to the Secretary). The ALJ also stated that Dr. Brockwell's opinion "is not supported by the claimant's longitudinal medical records" and cited multiple exhibit numbers in support of this statement. PAGEID 69. As the magistrate judge noted, these experts were consulted for the purposes of determining whether plaintiff had reached maximum medical improvement so as to entitle plaintiff to additional treatment under her workers' compensation claim, not for the purpose of determining whether plaintiff was disabled. Doc. 21, p. 25.

Plaintiff also argues that the ALJ did not consider all of the evidence, but rather "cherry-picked" the record. The ALJ need not discuss every piece of evidence in the record for his decision to stand. *Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004).

> While it might be ideal for an ALJ to articulate his reasons for crediting or discrediting each medical opinion, it is well settled that: "[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party."

*Kornecky v. Comm'r of Soc. Sec.*, 167 F.App'x 496, 508 (6th Cir. 2006)(quoting *Loral Defense Systems–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)(citations and internal quotation marks omitted)). An ALJ's failure to cite specific evidence does not indicate that it was not considered. *Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004).

The ALJ's decision contains a thorough discussion of plaintiff's medical and treatment records, including references to plaintiff's physical impairments and complaints of pain, her 2010 neck surgery, and diagnostic tests such as MRI's . PAGEID 63-66. After this description of the records, the ALJ stated:

> Thus, while the medical evidence indicates that the claimant has the above severe impairments, it does not indicate that these impairments are so severe as to prevent the claimant from performing basic work activities. The claimant's back and neck impairments and associated symptoms have been accommodated by limiting her to work at the light exertional level with additional limitations on pushing, pulling, climbing, stooping, kneeling, crouching, crawling and reaching and by limiting her exposure to hazards. The medical evidence does not support any further limitations to the claimant's work-related abilities due to these impairments. Rather, the medical evidence indicates that the claimant is capable of performing work within the limitations set forth herein.

PAGEID 66.

The ALJ did not ignore plaintiff's severe physical impairments, but instead considered and accommodated those impairments in formulating the RFC. The court agrees with the conclusion of the magistrate judge, Doc. 21, p. 21, that the ALJ's assessment of plaintiff's RFC is supported by substantial evidence, and that the ALJ did not err in evaluating the opinion evidence concerning plaintiff's physical restrictions.

B. Mental RFC Not Supported

In her second objection, plaintiff makes similar arguments concerning the ALJ's consideration of her mental limitations. The ALJ gave sufficient explanation for accepting the opinions of the state agency consultants, Bruce Goldsmith, Ph.D. and Tonnie Hoyle, Psy.D. PAGEID 68. The ALJ gave great weight to these opinions,

6

noting that they were "consistent with the medical evidence or record, which shows treatment for depression and anxiety and improvement of her symptoms with treatment" and that these experts were familiar with the evidentiary requirements for making social security disability determinations. PAGEID 68.

The ALJ gave partial weight to the opinion of Regina McKinney, Psy.D., who examined plaintiff at the request of the Ohio Division of Disability Determinations, noting that her opinion was not supported by the longitudinal mental health records, and that plaintiff's psychiatric symptoms improved with treatment (citing to exhibits in the record). PAGEID 69. The ALJ gave some weight to the opinion of Kathryn Bobbitt, Ph.D., who performed a consultative examination of plaintiff at the request of the Ohio Department of Job and Family Services. PAGEID 69. The ALJ stated that Dr. Bobbitt opined that plaintiff is employable but needs mental health intervention to be successful. PAGEID 70, citing Ex. 12F, p. 1. The ALJ concluded that Dr. Bobbitt's opinion concerning plaintiff's marked limitations was not supported by plaintiff's mental health treatment records, which were cited in the decision. PAGEID 70. The ALJ also explained why some weight was given to the opinion of treating psychiatrist Maura Andronic, M.D., noting that her opinion regarding plaintiff's marked limitations was not supported by plaintiff's treatment records, which were cited, and that her opinion that plaintiff was likely to deteriorate if placed under stress was based on plaintiff's statement to that effect. PAGEID 70.

Plaintiff argued before the magistrate judge that the ALJ erred in failing to recognize Lee Roach, Ph.D., as a treating psychologist. As the ALJ noted, Dr. Roach evaluated plaintiff in

September of 2013 and March of 2014 at the request of the BWC. PAGEID 66, 70.  There are no records indicating that Dr. Roach saw plaintiff for treatment purposes.  *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007)(doctor who saw claimant once and prepared a physical capacity evaluation form was not a treating physician); *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003)(ALJ not required to give doctor's opinion controlling weight or give reasons for not doing so where doctor saw claimant twice in seven years and completed a report solely to support claimant's disability).  Plaintiff did attend therapy sessions with John Heilmeier, MSW, LISW-S, a licensed independent social worker employed with Weinstein & Associates, the group with which Dr. Roach was associated.  However, there is no evidence that Dr. Roach ever supervised Mr. Heilmeier's treatment of plaintiff.  In addition, the ALJ adequately explained why the opinions of Dr. Roach and Mr. Heilmeier were accorded only some weight, and noted that their opinions regarding marked impairments were not supported by plaintiff's medical records (citing to exhibits).  PAGEID 70.

The ALJ's decision discusses plaintiff's mental health records at length, both in determining whether plaintiff's impairments qualified as listed impairments, *see* PAGEID 61-62, and in summarizing those records, *see* PAGEID 66-67.  The ALJ recognized that plaintiff had severe impairments, but that those impairments were not so severe as to prevent her from performing basic work activities.  PAGEID 67.  The ALJ noted that plaintiff's mental impairments had been accommodated in plaintiff's RFC by limiting her to simple, routine, repetitive tasks in an environment without demand for fast pace, limited social interaction and infrequent

8

change.  PAGEID 67.  The court agrees with the conclusion of the magistrate judge that the ALJ adequately considered the record evidence and explained the weight being assigned to the opinions of the mental health experts.  Doc. 21, pp. 29-30.  The ALJ's formulation of plaintiff's mental RFC is supported by sufficient evidence.

C. Sentence Six Remand

Plaintiff also argues that a remand under 42 U.S.C. §405(g), sentence six, is warranted to permit the ALJ to consider the psychological evaluation report of Nicolaas P. Dubbeling, Ph.D. Dr. Dubbeling's evaluation occurred on August 22, 2014, four days after the ALJ's decision was rendered.  Plaintiff was referred to Dr. Dubbeling by the BWC to determine whether she had reached maximum medical improvement for her condition of dysthymic disorder (depression).  As part of his consultative examination, Dr. Dubbeling reviewed mental health records and interviewed plaintiff for one hour.  Dr. Dubbeling's report was part of the record before the Appeals Counsel.  The Appeals Counsel considered this additional evidence and found that it did not provide a basis for changing the ALJ's decision.  PAGEID 46, 50.

A sentence-six remand at the request of a claimant is only appropriate where (1) there is new evidence which is material, and (2) there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. §405(g). Evidence is "new" only if it was not in existence or available to the claimant at the time of the administrative proceeding. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010). Evidence is "material" only if there is a reasonable probability that the Secretary would have reached a different disposition of the

disability claim if presented with the new evidence. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). The party seeking a remand bears the burden of showing that these two requirements are met. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). The Sixth Circuit has held that a subsequent favorable determination or finding of disability, in itself, does not constitute new and material evidence justifying remand; rather, the party seeking remand must show that the later favorable decision is supported by evidence that is new and material. *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652-53 (6th Cir. 2009).

In this case, the magistrate judge noted that the parties agreed that Dr. Dubbeling's report is "new"—at least in the sense that it was not available prior to the date of the ALJ's decision. However, the magistrate judge concluded that the report was not material. The magistrate judge commented that it actually bolstered the ALJ's determination that plaintiff had improved with treatment and medication, noting that although plaintiff had previously complained of daily panic attacks, she reported only two panic attacks to Dr. Dubbeling, one in 2007 and one in 2013. Doc. 21, p. 31. Plaintiff objects to the magistrate judge's analysis, noting the Dr. Dubbeling's evaluation addressed plaintiff's diagnosed dysthymic disorder, not her panic attacks, and that Dr. Dubbeling concluded that plaintiff's "psychological condition precludes her from any competitive employment." PAGEID 734.

The court is not convinced that Dr. Dubbeling's report is supported by new and material evidence. Dr. Dubbeling reviewed the reports of Dr. Roach and Mr. Heilmeier, which were before the ALJ. The report indicates that Dr. Dubbeling also reviewed two documents

which the court cannot locate in the administrative record: an independent medical examination (no date given) by David A. Garcia, D.O., which was referred to by Dr. Dubbeling as documenting plaintiff's weight, and a 2013 psychological evaluation by Cheryl Benson-Blankenship, Ph.D. However, there is no evidence of the contents of these reports, or that there was good cause for failing to present them to the ALJ. Dr. Dubbeling also interviewed plaintiff, but the information provided by plaintiff was cumulative of the statements she made during other mental evaluations which were the subject of reports considered by the ALJ. *See Ferguson*, 628 F.3d at 277 (cumulative evidence confirming pre-existing evidence that claimant was paranoid, withdraw, and subject to panic attacks was not material).

Plaintiff points to Dr. Dubbeling's opinion that the therapy notes of Mr. Heilmeier "do not indicate significant improvement of her Dysthymic Disorder." PAGEID 733. However, this opinion conflicts with the actual treatment notes. On the November 2, 2013, report, Mr. Heilmeier indicated in the section for functional status information that plaintiff's activities of daily living had improved, and her persistence, concentration, and pace had improved to the moderate range, and that there was a reduction in agoraphobic symptoms. PAGEID 599. On the reports for November 16, 2013, January 13, 2014, and March 10, 2014, Mr. Heilmeier checked the "improved" box. PAGEID 601, 604, 606.

The court concludes that plaintiff has failed to show that Dr. Dubbeling's report constitutes new and material evidence, or that there is a reasonable probability that the ALJ would have reached a different disposition upon considering Dr. Dubbeling's report. The magistrate judge correctly recommended that a sentence-six

remand is not warranted.

III. Conclusion

    For the reasons stated above, the court concludes that the Commissioner's non-disability finding is supported by substantial evidence.  The court overrules the plaintiff's objections (Doc. 22), and adopts and affirms the magistrate judge's report and recommendation (Doc. 21).  The decision of the Commissioner is affirmed, and this action is dismissed.  The clerk is directed to enter final judgment in this case.

Date: March 23, 2017                        s/James L. Graham
                                            James L. Graham
                                            United States District Judge